UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROUMMEL J. INGRAM,

                Petitioner,                Case No. 1:14-cv-326

v.                                 Honorable Robert J. Jonker

WILLIE O. SMITH,

                Respondent.

_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a claim that is cognizable on habeas review.

### Factual Allegations

Petitioner Roummel J. Ingram currently is serving prison terms for six offenses. Four of those sentences were imposed by the Oakland County Circuit Court on February 14, 2006, after a jury found Petitioner guilty of assault with intent to commit great bodily harm less than murder, MICH. COMP. LAWS § 750.84, armed robbery, MICH. COMP. LAWS § 750.529, and two counts of possessing a firearm during the commission of a felony (felony firearm), MICH. COMP. LAWS § 750.227b. The remaining two sentences were imposed by the Macomb County Circuit Court on April 12, 2006, after Petitioner pleaded guilty to other charges of both armed robbery and felony firearm. Petitioner presently is incarcerated at the Ionia Correctional Facility (ICF), though the actions about which he complains occurred, at least in part, while he was housed at the Bellamy Creek Correctional Facility (IBC). He sues ICF Warden Willie O. Smith.

Petitioner's petition and memorandum in support do not challenge either the fact of his convictions or the duration of his sentences. Instead, he challenges the conditions under which he is being incarcerated. Petitioner alleges that, despite prison officials being aware that he was severely bipolar, that his improper behavior occurred while he was in severe manic states, and that prison psychiatric officials had strongly advised custody staff against long-term administrative segregation, he was repeatedly sent to and retained in segregation for six months. After he finally was released from segregation in December 2013, he again committed a major misconduct infraction on February 25, 2014. He was transferred to ICF, where he was held in punitive segregation until his hearing on March 4, 2014. The materials presented to the hearing officer included a psychiatric recommendation that Petitioner receive a sanction of loss of privileges rather than long term segregation, which could lead to increased mental-health symptoms. Nevertheless, on March 11,

2014, Petitioner was reclassified to confinement in Level-V housing at ICF, where he has been since that time. Petitioner had spent a total of 368 consecutive days in segregation at the time he filed his complaint. He argues that the findings of guilt on the misconduct charges and the subsequent long-term placement in segregation violated his rights under the Due Process Clause and the Eighth Amendment.

For relief, he seeks immediate release from detention and administrative segregation, transfer to the appropriate custody level, and expungement of all misconducts written during his segregation period.

## **Discussion**

Petitioner claims that his major misconduct convictions should be overturned and the charges expunged from his record. He claims that he was denied due process before he was placed in segregation, and he asserts that the conditions of his confinement in segregation violated the Eighth Amendment.

The instant petition is subject to summary dismissal because Petitioner is challenging the conditions of his confinement. Where a prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). However, habeas corpus is not available to prisoners who are complaining only of the conditions of their confinement or mistreatment during their legal incarceration. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004)*; Lutz v. Hemingway*, 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007). Complaints like the ones raised by Petitioner, which involve conditions of confinement, "do not relate to the legality of the

petitioner's confinement, nor do they relate to the legal sufficiency of the criminal court proceedings which resulted in the incarceration of the petitioner." *Id.* (quoting *Maddux v. Rose*, 483 F. Supp. 661, 672 (E.D. Tenn. 1980)). An inmate like Petitioner may, however, bring claims that challenge the conditions of confinement under 42 U.S.C. § 1983. *Id.*; *see also Austin v. Bell*, 927 F. Supp. 1058, 1066 (M.D. Tenn. 1996). Because Petitioner challenges only the conditions of his confinement, his claims "fall outside of the cognizable core of habeas corpus relief." *See Hodges v. Bell*, 170 F. App'x 389, 393 (6th Cir. 2006).

Petitioner arguably suggests that his misconduct convictions may affect the duration of his confinement by depriving him of good-time credits or interfering with his parole. In the seminal case in this area, *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Court prescribed certain minimal procedural safeguards that prison officials must follow before depriving a prisoner of good-time credits on account of alleged misbehavior. The *Wolff* Court did not create a free-floating right to process that attaches to all prison disciplinary proceedings; rather the right to process arises only when the prisoner faces a loss of liberty, in the form of a longer prison sentence caused by forfeiture of good-time credits:

> It is true that the Constitution itself does not guarantee good-time credit for satisfactory behavior while in prison. But here the State itself has not only provided a statutory right to good time but also specifies that it is to be forfeited only for serious misbehavior. Nebraska may have the authority to create, or not, a right to a shortened prison sentence through the accumulation of credits for good behavior, and it is true that the Due Process Clause does not require a hearing "in every conceivable case of government impairment of private interest." But the State having created the right to good time and itself recognizing that its deprivation is a sanction authorized for major misconduct, the prisoner's interest has real substance and is sufficiently embraced within Fourteenth Amendment "liberty" to entitle him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated.

*Wolff*, 418 U.S. at 557 (citations omitted).

-4-

Petitioner does not allege that his major misconduct convictions resulted in a loss of good-time credits, nor could he.  The Sixth Circuit has examined Michigan statutory law, as it relates to the creation and forfeiture of disciplinary credits[1] for prisoners convicted of crimes occurring after April 1, 1987.  In *Thomas v. Eby*, 481 F.3d 434 (6th Cir. 2007), the court determined that loss of disciplinary credits does not necessarily affect the duration of a prisoner's sentence.  Rather, it merely affects parole eligibility, which remains discretionary with the parole board.  *Id.* at 440. Building on this ruling, in *Nali v. Ekman*, 355 F. App'x 909 (6th Cir. 2009), the court held that a misconduct citation in the Michigan prison system does not affect a prisoner's constitutionally protected liberty interests, because it does not necessarily affect the length of confinement.  355 F. App'x at 912; *accord Taylor v. Lantagne*, 418 F. App'x 408, 412 (6th Cir. 2011);  *Wilson v. Rapelje*, No. 09-13030, 2010 WL 5491196, at * 4 (E.D. Mich. Nov. 24, 2010), *adopted as judgment of court*, 2011 WL 5491196 (Jan. 4, 2011).  In the absence of a demonstrated liberty interest, Petitioner has no due-process claim based on the loss of disciplinary credits.  *See Bell v. Anderson*, 301 F. App'x 459, 461-62 (6th Cir. 2008).  Moreover, because his misconduct convictions did not deprive him of good-time credits affecting the duration of his sentence, Petitioner is not entitled to habeas relief. *Martin*, 391 F.3d at 714.

Although pro se litigants are treated to less stringent pleading formalities, courts still require such litigants to meet basic pleading standards. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). "Arguably, hanging the legal hat on the correct peg is such a standard, and '[l]iberal construction does not require a court to conjure allegations on a litigant's behalf.'" *Martin*, 391 F.3d

---

[1] For crimes committed after April 1, 1987, Michigan prisoners earn "disciplinary credits" under a statute that abolished the former good-time system.  MICH. COMP. LAWS § 800.33(5).

at 714 (quoting *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (dismissing a § 1983 suit brought as a § 2254 petition)).  The Sixth Circuit has held that where, as here, the claims about the conditions of confinement are not cognizable in an action under § 2254, the district court must dismiss the habeas action without prejudice to allow the petitioner to raise his potential civil rights claims properly in a § 1983 action.  *Martin*, 391 F.3d at 714.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim cognizable on habeas review. The dismissal is without prejudice to any claims properly raised in a § 1983 complaint.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service.  It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted.  *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service

under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.* at 467.  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000).  *Murphy*, 263 F.3d at 467.  Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.  Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims.  *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong.  Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated: _____June 17, 2014_____          _/s/ Robert J. Jonker_____
                                              ROBERT J. JONKER
                                              UNITED STATES DISTRICT JUDGE